**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| TIMOTHY BAUER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:06-CV-1648 RWS |
| ) | |
| LAURA BAUER, et al., ) | |
| ) | |
| Defendant. ) | |

### ORDER AND MEMORANDUM

Plaintiff has filed a pro se complaint, and the Court has granted plaintiff's motion to proceed without paying the filing fee. As a result, the Court is now required to review the case pursuant to 28 U.S.C. § 1915(e).

Plaintiff has filed this action pursuant to 42 U.S.C. § 1983 against his ex-wife and four other individuals. Plaintiff alleges that his ex-wife and the family court for Jefferson County, Missouri, have violated his rights under the Constitution of the United States by collecting child support from him that he does not owe and by holding him in civil contempt. Upon review of the complaint, the Court finds that plaintiff's pleadings are frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). However, in the interests of justice, the Court will allow plaintiff the opportunity to amend his complaint.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 31-32 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

**Background**

Plaintiff filed his complaint on November 14, 2006, along with a motion for a temporary restraining order ("TRO"). On that

afternoon, I held a hearing on plaintiff's motion to proceed in forma pauperis and on his motion for a TRO. At the hearing, I found that plaintiff should be allowed to proceed without paying the filing fee, and I found that plaintiff's motion for a temporary restraining order should be denied because plaintiff had not demonstrated a likelihood of success on the merits. See Dataphase Sys. v. CL Sys., 640 F.2d 109, 113-14 (8th Cir. 1981) (en banc) (to determine whether preliminary injunctive relief is warranted, court must balance threat of irreparable harm to movant, harm to nonmoving party should injunction issue, likelihood of success on merits, and public interest).

**The Complaint**

Even with the benefit of a liberal construction, it is difficult to determine what plaintiff's claims are. However, plaintiff offered some explanation of what his claims are during the TRO hearing. As a result, the Court will consider the complaint along with plaintiff's testimony from the hearing.

Plaintiff seeks injunctive relief against the State of Missouri. Specifically, plaintiff seeks an order from this Court "ordering the State of Missouri [to] immediately halt[] all criminal proceeding for non payment of child support . . . ."[1]

---

[1]Plaintiff is mistaken regarding the nature of contempt actions in Missouri state courts. Although the courts may imprison persons who fail to comply with an order prescribing child support payments, such contempt proceedings are civil in nature. See State ex rel. Nesser v. Pennoyer, 887 S.W.2d 394,

Plaintiff alleges that the Missouri state courts have violated his constitutional rights because he has been forced to pay excessive child support payments and because he has been held in civil contempt without a court-appointed attorney. Plaintiff further alleges that he may be held in civil contempt in the future and imprisoned in violation of his constitutional rights.

Plaintiff has named five individual defendants in the complaint. However, he has not alleged any facts as to any defendant.

**Discussion**

"Liability under section 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). In the instant action, plaintiff has not set forth any facts indicating that any of the named defendants were directly involved in or personally responsible for the alleged violations of his constitutional rights. Although the Court must liberally construe plaintiffs' factual allegations, it will not supply additional facts or construct a legal theory for plaintiffs that assumes facts that have not been pleaded. As a result, the

---

396 (Mo. banc (1994).

instant action is legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

Additionally, it appears that this Court does not have the authority to grant an injunction staying the proceedings of the state family court.  Under 28 U.S.C. § 2283, "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  In this case, plaintiff has not directed the Court to any statute or other Act of Congress giving the federal courts the authority to enjoin state family court proceedings.  As a result, this action is legally frivolous because the Court may not grant the requested injunction.

Finally, the Court notes that the federal courts lack jurisdiction to hear cases where the "subject is a divorce, allowance of alimony, or child custody."  Kahn v. Kahn, 21 F.3d 859, 861 (8th Cir. 1994); see also Tufano v. Alpert, 968 F. Supp. 112, 113 (E.D.N.Y. 1997) (court lacked subject matter jurisdiction over case brought under 42 U.S.C. § 1983 where litigant sought relief from decision of state family court).

Because plaintiff is pro se, the Court finds that it is in the interests of justice to allow plaintiff the opportunity to file an amended complaint.  Plaintiff is warned that his amended complaint will take the place of his original complaint and will be

the only complaint which this Court reviews.  As a result, plaintiff must include all of the defendants whom he wishes to sue in the caption of the complaint and set out specific facts against each of them in the complaint.  Failure to do so risks dismissal of one or all defendants.

Plaintiff shall have twenty days from the date of this order to file an amended complaint.  If plaintiff fails to file an amended complaint within twenty days, this case will be dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff shall file an appropriate amended complaint **no later than twenty (20) days from the date of this Memorandum and Order**.

Dated this 17th day of November, 2006.

_____
UNITED STATES DISTRICT JUDGE